STATE OF NORTH CAROLINA v. EDWARD THOMAS HARRIS

No. 7514SC58

(Filed 2 July 1975)

1. Criminal Law § 91— continuance — discretionary matter unless constitutional rights denied

A motion for continuance is ordinarily addressed to the discretion of the trial judge and his ruling thereon is not subject to review absent a showing of abuse of discretion; however, when the motion is based on a right guaranteed by the Federal and State Constitutions, the question presented is one of law and not of discretion, and the decision of the trial judge is reviewable.

2. Criminal Law § 91— attorney absent from State — return on day of trial — continuance denied

Where defendant was arrested on 1 August 1973 upon a warrant charging the offense for which he was tried, shortly thereafter counsel was appointed to defend him, defendant's counsel left the State at the end of September and returned on 8 October 1973, and trial of defendant's case commenced that afternoon, defendant was not denied any of his constitutional rights by the court's denial of his motion to continue, since for 60 days prior to trial defendant was represented by the same counsel who appeared and represented him at trial and defendant was given ample opportunity to present witnesses to testify in his defense.

3. Criminal Law § 40— transcripts of separate trials — testimony of absent witness — affidavit proper

The trial court did not err in denying defendant's motion that he be furnished free transcripts of two trials of one Parker who was accused in a separate indictment of participating in the same robbery for which defendant was convicted, since their only possible use to defendant would have been to show on this appeal what the testimony of a missing witness would have been had the witness been available at defendant's trial, and an affidavit of the witness, which defense counsel made no effort to obtain, would have served the same purpose.

4. Criminal Law § 22— entry of formal plea not in record — evidence that plea was entered

The trial court did not err in denying defendant's motion in arrest of judgment made on the ground that he had not been properly arraigned, though the record does not show that a formal plea was entered, where the record does show that defendant, represented by counsel, was present in court when his case was called, when the indictment against him was read, when he was called upon to plead, when the jury was selected and impaneled, and thereafter throughout all of the trial proceedings, the trial court instructed the jury that defendant entered a plea of not guilty, and the order signed by the trial judge by which prayer for judgment was continued recited that defendant entered a plea of not guilty.

---

---

APPEAL by defendant from *Braswell, Judge.* Judgment entered 3 October 1974 in Superior Court, DURHAM County. Heard in the Court of Appeals 20 March 1975.

Defendant was tried on an indictment, proper in form, charging him with armed robbery of William D. Buck. The State's evidence showed: On the afternoon of 4 June 1973, Buck, an insurance company employee, went to the home of Mrs. Jane Caldwell to collect an account. While he waited in the house for Mrs. Caldwell to get her purse, two men walked into the house. Mrs. Caldwell returned to the room, and as Buck was marking the account book, one of the men said, "This is a robbery." Buck turned and was confronted by one of the men, whom Buck identified at the trial as the defendant, holding a knife. Defendant said, "We're going to take your money." Defendant held the knife next to Buck's ribs while the other man took Buck's wallet, which contained about $420.00. The two men then ran out the back door.

Mrs. Caldwell testified and identified defendant as one of the men who robbed Buck. She testified that she knew defendant because she "went with him for four and one-half years," but had quit going with him about three months before the robbery and had a new boyfriend when the robbery occurred.

Defendant testified and denied taking part in the robbery. He testified that he had previously gone with Jane Caldwell but had broken up with her, and he testified that one Jerome Oliver had told him on the day of the robbery that Jane Caldwell and her new boyfriend had planned the robbery and that the new boyfriend and Oliver had carried it out.

The jury found defendant guilty as charged, and from judgment imposing a prison sentence, defendant appealed.

*Attorney General Edmisten by Associate Attorney Robert R. Reilly for the State.*

*Clayton, Myrick, McCain & Oettinger by Jerry B. Clayton and Kenneth B. Oettinger for defendant appellant.*

PARKER, Judge.

[1] Defendant first assigns error to denial of his motion for a continuance. Such a motion is ordinarily addressed to the discretion of the trial judge and his ruling thereon is not subject to review absent a showing of abuse of discretion. However, when

the motion is based on a right guaranteed by the Federal and State Constitutions, the question presented is one of law and not of discretion, and the decision of the trial judge is reviewable. *State v. Cradle*, 281 N.C. 198, 188 S.E. 2d 296 (1972). Defendant contends that denial of his motion deprived him of his constitutional rights to have effective assistance of counsel at his trial and to confront his accusers with other testimony. The record does not support this contention.

[2] The record discloses the following: Defendant was arrested on 1 August 1973 upon a warrant charging the offense for which he was tried. Shortly thereafter counsel was appointed to defend him. The indictment on which he was tried was returned as a true bill by the grand jury at the 13 August 1973 session of Superior Court. On 3 October 1973 a court calendar was published showing this case was scheduled for trial on 8 October 1973. Defendant's counsel had previously informed the court that it was necessary for him to be out of the State for a few days at the end of September but that he expected to return to Durham on or about 2 October 1973. Because of "family needs," defendant's counsel delayed his return and arrived in Durham about 9:00 a.m. on 8 October 1973. Trial of defendant's case commenced that afternoon. In denying the motion for continuance, the trial judge advised defendant's attorney that if the State rested its case during the afternoon, a recess would be granted until the following morning. The trial actually continued until the following day, witnesses were presented for the defense, and, so far as the record reveals, only one witness of all those which defendant desired to present, was not available. This witness was a sixteen-year-old boy, Jerome Oliver. Defendant's attorney admitted he had not talked with this witness, and after an extensive voir dire examination, the trial judge found that defendant's contention as to what this witness would testify to under oath was not believable and that this witness would not benefit the defendant if he were present.

The record thus shows that for approximately sixty days prior to the trial defendant was represented by the same counsel who appeared and represented him at his trial. It further shows that defendant was given ample opportunity to present witnesses to testify in his defense. We therefore find no deprivation of any constitutional rights resulted from the denial of his motion for a continuance nor has any abuse of the trial judge's discretion been shown. Accordingly, defendant's assignment of error directed to denial of his motion for a continuance is overruled.

State v. Harris

[3] Defendant next contends that reversible error occurred when the court denied his motion to be furnished free copies of the transcripts of two trials of one Thomas Lee Parker, who was accused in a separate indictment of participating in the same robbery for which defendant was convicted. After defendant was found guilty, the trial judge entered an order dated 12 October 1973 continuing prayer for judgment. Prayer for judgment was thereafter continued from term to term until 3 October 1974, when the State prayed for judgment in the case. During the time between the date of defendant's trial and the date sentence was imposed, Thomas Lee Parker was twice brought to trial on the separate indictment against him, both of these trials resulting in mistrials when the jury could not agree. When defendant appeared for sentencing on 8 October 1974, his attorney made a motion that defendant be furnished free copies of the transcript of these trials of Thomas Lee Parker. He contends that denial of this motion resulted in depriving him of adequate appellate review of his own trial in that, so defendant's counsel contends, these transcripts would show that the witness, Jerome Oliver, appeared at the trials of Parker and that defendant had need of the transcripts of Parker's trials in order to demonstrate to the appellate court what the testimony of the witness, Oliver, would have been had that witness been available at defendant's trial. He further contends that because he was indigent, the State was obligated to furnish him the requested transcripts free of charge. We do not agree.

The transcripts requested were not of any prior proceedings in defendant's case. They were of proceedings which occurred after defendant's trial and in which defendant was not a party. Their only possible use to defendant would have been to show on this appeal what the testimony of the missing witness would have been had the witness been available at defendant's trial. An affidavit of the witness would have served the same purpose, yet defense counsel made no effort to obtain one. At defendant's trial in October 1973 defendant's counsel admitted that, though he had been appointed to represent defendant some sixty days previously, he had never talked with this witness. At the sentencing hearing which took place a year later, in October 1974, defense counsel still had not interviewed this witness whose testimony he contends was so important to his client's defense. A readily available alternative method for obtaining the information sought by the transcripts was never utilized by defendant's attorney. We find no error in the denial of his

motion that defendant be furnished free copies of the transcripts of the Parker trials. *See State v. McAllister,* 287 N.C. 178, 214 S.E. 2d 75 (1975).

[4]  Following return of the verdict finding him guilty, defendant moved in arrest of judgment on the ground that he had not been properly arraigned. In support of this motion, defense counsel contended "[t]here never was a plea in this matter entered." In this connection the record shows that upon the call of the case for trial the prosecuting attorney read the bill of indictment and asked how defendant pled. At that point defense counsel, before entering a plea, made his motion for a continuance. That motion was denied, the jury was selected, sworn and impaneled, and the trial proceeded. The record before us showing the proceedings in the trial court does not disclose that a formal plea was entered except for the recitation in the order signed by the trial judge by which prayer for judgment was continued. That order contains the recitation that "the defendant through his attorney, Jerry Clayton, and in his own proper person plead [sic] not guilty." In any event, we find that defendant has suffered no deprivation of any substantial right because the minutes of the trial court may not otherwise reflect the formal entry of a not guilty plea. The record before us makes abundantly clear that defendant, represented by counsel, was present in court when his case was called, when the indictment against him was read, when he was called upon to plead, when the jury was selected and impaneled, and thereafter throughout all of the trial proceedings at which witnesses for the State and for the defense were examined and cross-examined. In submitting the case to the jury, the trial judge instructed the jury that "[t]o the charge in the bill of indictment the defendant has entered a plea of not guilty and under our law this raises in his behalf a presumption of innocence."

Had defendant stood mute when called upon to plead, a plea of not guilty would have been entered for him. The trial here proceeded in all respects as though such a plea had been formally entered. We find no error in the court's denial of defendant's motion in arrest of judgment.

No error.

Chief Judge BROCK and Judge ARNOLD concur.